UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FORTUNADO FEBUS,<br>    *Plaintiff*,<br><br>           v.<br><br>ROBERT SOMODY, *et al.*,<br>    *Defendants*. | No. 3:18-cv-00640 (JAM) |

**ORDER GRANTING MOTION FOR SANCTIONS AND DISMISSING CASE WITH PREJUDICE**

Plaintiff Febus has repeatedly failed to participate in the discovery process in this case in the form the Federal Rules of Civil Procedure require. After the Court denied plaintiffs' initial motion for dismissal for nonparticipation in discovery, Doc. #27, at an in-person case conference the Court repeatedly warned plaintiff of the consequences of not participating in discovery. Plaintiff nonetheless continued not to engage in discovery.

"If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following.... An order ... dismissing the action or proceeding." Fed. R. Civ. P. 37(b)(2)(C). "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations. . . and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).

I find plaintiff at fault, having not participated in basic discovery procedures "in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of his action." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Given the impossibility of the defendants preparing their case without adequate discovery and the repeated failure of the plaintiff to follow court orders, at this juncture I

1

conclude that dismissal with prejudice is warranted. In light of Febus's limited financial resources, however, I find that charging plaintiff with the cost of defendant's motion unwarranted and accordingly will deny that branch of the defendant's motion.

Accordingly, I will hereby grant defendants' motion in part, insofar as I will DISMISS this case with prejudice. The Clerk of the Court shall close this case.

It is so ordered. Dated at New Haven this 5th day of June 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge